**Connie BIVENS, Appellant,**

v.

**Donald W. WYRICK, Warden, Appellee.**

**No. 80–1670.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 16, 1981.

Decided Feb. 18, 1981.

Rehearing and Rehearing En Banc Denied March 23, 1981.

Lawrence B. Andreatta, St. Louis, Mo., for appellant.

Jerry Short, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY and ARNOLD, Circuit Judges, and GIBSON, Senior Circuit Judge.

GIBSON, Senior Circuit Judge.

Connie Bivens appeals the denial of his petition for a writ of habeas corpus to release him from imprisonment in the state of Missouri. We affirm the District Court's[1] denial of relief.

On July 8, 1976, Bivens was convicted by a jury of first-degree robbery with a dangerous and deadly weapon. Under Missouri's Second Offender Act, he was sentenced to thirty-five years' imprisonment. His conviction was affirmed on direct appeal to the state appellate court. *State v. Bivens*, 558 S.W.2d 296 (Mo.Ct.App.1977). On December 20, 1979, Bivens filed a petition for habeas relief in the United States District Court for the Eastern District of Missouri. The cause was referred to Magistrate Noce for review and recommendation. On June 30, 1980, Magistrate Noce filed a written report and recommended denial of the petition. On July 11, 1980, Judge Wangelin, after reviewing the state court record and the magistrate's report, concluded that the habeas petition was without merit and denied the petition.

On February 13, 1976, Bivens, along with another man, robbed the St. Louis office of

the Missouri Department of Revenue, using a sawed-off shotgun. At trial, four witnesses, including two of the cashiers he robbed, identified him as the perpetrator. The two cashiers had also identified him previously in a police lineup two days after the robbery. A third employee also identified Bivens in a lineup about a week after the robbery. Finally, a customer present at the time of the robbery identified Bivens four months later from a photograph of the lineup. These witnesses viewed Bivens for a time period ranging from fifteen seconds to a minute during the robbery.

*Identification procedures*

In his habeas petition, Bivens alleges that the pretrial identification procedures were so unduly suggestive and unreliable as to deny him due process of law. Bivens also alleges that the in-court identifications were unreliable and tainted. We find these contentions to be without merit.

■ We find no evidence that the police lineup or the photograph of the lineup were "so unnecessarily suggestive and conducive to irreparable mistaken identification that he [the defendant] was denied due process of law." *Stovall v. Denno*, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). We have inspected the color photograph of the lineup and find it to be an excellent selection of black men fitting the general description of the robber. Although Bivens was the shortest in stature of the people in the lineup, his height was only an inch or two less than the others. *See United States v. Lewis*, 547 F.2d 1030, 1035 (8th Cir. 1976), *cert. denied*, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977).

Bivens's second contention, that the individuals who viewed the lineups were preconditioned to believe that the criminal was definitely in the lineup, is unsupported by the facts. As the state appellate court stated: "It is only natural that victims of a crime asked to view a lineup would suspect it would contain the criminal." *Bivens, su-*

---

1. The Honorable H. Kenneth Wangelin, Chief Judge, United States District Court for the Eastern District of Missouri.

*pra*, 558 S.W.2d at 299. There is no evidence that the police or the state agency coerced or intimidated any of the witnesses into selecting an individual from either the lineup or the photograph of the lineup. There existed no "likelihood of misidentification" or "unnecessary suggestiveness" in the out-of-court identification procedure. *See Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 381–382, 34 L.Ed.2d 401 (1972).

■ The in-court identification of Bivens, however, was suggestive to the extent that the three employee witnesses were asked to identify Bivens from the photograph of the lineup prior to identifying him as he sat in the courtroom gallery. We find that, even though the in-court identification procedure was more suggestive than necessary, under the "totality of the circumstances" the identification was reliable. *Id.* at 199–200, 93 S.Ct. at 382–383; *see Watkins v. Sowders*, —— U.S. ——, ——, 101 S.Ct. 654, 658–660, 66 L.Ed.2d 549 (1981); *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *United States v. Anderson*, 618 F.2d 487, 491 (8th Cir. 1980). The previous out-of-court identification of Bivens insured that a "very substantial likelihood of irreparable misidentification" did not occur. *See Manson v. Brathwaite*, 432 U.S. at 116, 97 S.Ct. at 2254. In retrospect, it would have been better had the witnesses been asked to identify Bivens in court prior to viewing the photograph of the lineup. However, the defect, if there be one, is not of constitutional dimension. *See id.*, 432 U.S. at 117, 97 S.Ct. at 2254.

*Prosecutor misconduct*

■ Bivens's second allegation of a violation of his right to a fair trial concerns the trial court's denial of a mistrial after the prosecutor allegedly improperly and prejudicially cross-examined one of Bivens's alibi witnesses, Rose Nance. The prosecutor on cross-examination attempted to impeach Nance's testimony.[2] Bivens claims that the prosecutor, by stating that Nance knew Bivens had committed the robbery, improperly implied that Bivens or someone else had coerced Nance into testifying for Bivens. At this point Bivens's counsel objected and moved for a mistrial. The trial judge sustained the objection and instructed the jury to disregard the exchange, but denied the mistrial motion. The state appellate court found the inference that Bivens or someone else had coerced Nance into testifying to be remote. *Bivens, supra*, 558 S.W.2d at 300. We agree. In any event, the exchange was not sufficiently prejudicial as to amount to a denial of due process. *See Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967); *United States v. Thiel*, 619 F.2d 778, 782 (8th Cir. 1980). The court immediately instructed the jury to disregard the statements. Bivens had presented other alibi witnesses during the trial. The jury chose not to believe these witnesses. The eyewitness testimony of the four state witnesses left little doubt that Bivens was the perpetrator of the crime.

■ Bivens also argues that the prosecutor improperly addressed the jury in his closing argument. The prosecutor made a number of general comments concerning the jury's duty to prevent crime. Bivens contends that these statements improperly focused the jury's attention away from Bivens's guilt or innocence. We disagree. The statements made by the prosecutor were general in nature. In the same closing argument, the prosecutor stated that the jury must find Bivens guilty beyond a reasonable doubt. While it appears that

2. Cross-examination of Rose Nance:

Q  Did you tell him [the police investigator] that you did not want to testify?
A  I did tell him that. I did not want to be involved, I did not want to testify.
Q  Did you mention a specific reason?
A  Yes, because I told him I don't like to be involved in things like that, and when you testify sometimes it causes a lot of trouble, and I don't want to be involved because I have to raise four children.

Q  Did you tell him that you didn't want to testify because you knew Connie Bivens was good for this robbery?
[Objection]
A  No, I didn't.
The court then sustained the objection, denied a mistrial, and told the jury to disregard the question.

Bivens has not fully exhausted this issue, we find that the prosecutor's comments were proper in the light of his entire closing argument.

Finally, Bivens argues that the District Court should have held an evidentiary hearing on the identification procedures issue. Specifically, Bivens complains that the District Court did not review the photograph of the lineup. We have reviewed the photograph and have found Bivens's contentions to be without merit. There was no need for the District Court to conduct a full evidentiary hearing. *See* 28 U.S.C. § 2254(d) (1976); *Townsend v. Sain*, 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963); *Parton v. Wyrick*, 614 F.2d 154, 158 (8th Cir. 1980). The trial court record was adequate to dispose of the issues in this habeas petition.

Affirmed.