STATE of Missouri, Respondent,

v.

Edward GREGORY, Appellant.

No. WD 32220.

Missouri Court of Appeals,
Western District.

March 9, 1982.

James W. Fletcher and Kevin Locke, Kansas City, for appellant.

John Ashcroft, Atty. Gen. and Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

Edward Gregory was convicted upon jury trial of first-degree burglary, § 569.160, RSMo 1978,[1] robbery in the second degree, § 569.030, and attempted rape, § 564.011. In accordance with the jury verdict he was sentenced by the court to consecutive terms of eight, ten and seven years' imprisonment on the respective charges. § 558.011. (Cum.Supp.1981).

He has appealed to this court, claiming error in the admission of identification testimony, in the denial of his challenge for cause of venirewoman Dorothy McGee, and in the instructions on punishment.

The facts of the case are as follows:

On September 8, 1980, at approximately 9 o'clock a. m., a black man (later identified as the defendant) came to the door of the residence of 83-year-old Lillian Townley in Kansas City. Pretending to be responding to a home repair call, he presented a card and stated he was from American Home Repair. As Mrs. Townley opened the door to return his card, he forced his way into her house. He stole some money and a television set, and attempted to rape her. He failed in the last-mentioned undertaking to achieve penetration.

Before the criminal left the house, Mrs. Townley managed to escape from the cords with which she had been bound and fled from her basement to a next-door neighbor's house. The neighbor, Mrs. Tonjes, called the police. Detective McKinnie actually arrived in time to see the robber enter a car in front of the Townley house. He noted the license number of the car and got a good view of the man. By the time the man had been identified to McKinnie as the robber, he had driven away.

McKinnie later determined that the car was registered to one Edward Thomas. He located Thomas and discovered that he was not the man he had seen at the car in front of the Townley house. The owner told Detective McKinnie that he had lent his car to the appellant. Appellant was arrested and identified both by Mrs. Townley and by McKinnie as the perpetrator.

1. *Suppression of identification.*

Appellant's first point is that the trial court erred in overruling his motion to suppress Mrs. Townley's pre-trial and in-court identification of himself. He claims that her identification was faulty and inadmissible for two reasons—first, that his arrest was illegal and that Mrs. Townley's ensuing identification was the "fruit of the poisonous tree"; and second, that the pre-trial and in-court identifications of appellant "were the product of unnecessarily suggestive police procedures calculated to single appellant out as her assailant and so conducive of irreparable misidentification as to deny appellant due process of law and a fair trial".

1–a. *Suppression of identification; identification as product of unlawful arrest.*

■ Appellant first undertakes to establish that his warrantless arrest was invalid, then asserts: "Had appellant not been illegally arrested, he would not have been in police custody available for viewing by Ms. Townley. Her identification of him at the lineup was plainly the 'tainted fruit' of his illegal arrest and thus inadmissible under *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). No intervening circumstances attenuated the taint of that illegal arrest and Ms. Townley should not have been allowed to testify as to the fact that she identified appellant at the lineup." We need not pause to consider whether defendant's warrantless arrest was invalid, for even if so, that fact does not require the suppression of Townley's later lineup identification as the fruit of the warrantless arrest. *State v. Berry,* 609 S.W.2d 948, 952 (Mo. banc 1980). See also *United States v. Crews,* 445 U.S. 463, 477, 100 S.Ct. 1244, 1253, 63 L.Ed.2d 537 (1980).

1–b. *Suppression of identification; identification as product of suggestive police procedure.*

■ Neither was there any impermissibly suggestive procedure which induced Mrs.

1. All statutory references are to RSMo 1978.

Townley's lineup identification of appellant, or her subsequent in-court identification. After appellant's arrest, Mrs. Townley viewed a lineup of four men and listened to their voices. She tentatively and cautiously identified appellant as her assailant. After the lineup, Detective Luther took a Polaroid photograph of appellant by himself. After Mrs. Townley had examined the photograph, she was confirmed in her identification of appellant. It made her "doubly sure" of the identification, she testified. Nothing in the above-described police procedure required the suppression either of the lineup identification or of the in-court identification. It is to be noted that the Polaroid color photograph of the appellant was made and shown to Mrs. Townley only after she had tentatively identified him. It is regrettable that she had been informed by the police before she viewed the lineup that "they had the right man this time" (an earlier suspect, the registered owner of the car used by the criminal, had proved not to be the culprit), but it is implicit in the lineup procedure that among the persons in the lineup is one who is suspected by the police as the perpetrator of the crime. *State v. Dayton*, 535 S.W.2d 479, 488 (Mo. App.1976). However, that did not require the trial court to suppress the pre-trial identification, and the trial court's denial of the motion to suppress will not be disturbed on this appeal. The trial court concluded, by the criterion suggested by *Simmons v. U.S.*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), that there was no "substantial likelihood of irreparable misidentification". Of course, all the facts which tended to weaken Mrs. Townley's identification could have been, and were, brought out in her cross-examination before the jury, so that the jury could evaluate her identification.

### 2. *In-court identification; independent basis for identification.*

Aside from the pre-trial lineup identification, Mrs. Townley had a sufficient opportunity to observe her assailant at close range at the time of the offense, and thus had an independent basis for her in-court identifi-

cation. *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972); *State v. Higgins*, 592 S.W.2d 151, 160 (Mo. banc 1979), appeal dismissed, 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980).

### 3. *Challenge of venireman for cause.*

■ Appellant next claims that the court erred in refusing his challenge for cause of venireman Dorothy McGee. This objection is based upon the following voir dire examination:

[Ms. Chapman, defense counsel:]

Do any of you think that because Edward Gregory is sitting here, and he's the only person sitting here accused, that he may be guilty, or must be guilty? Do any of you feel that it is the duty of the defense attorney to put on a defense? Do any of you feel that it's the duty of the defense attorney to put on a defense?

VENIREPERSON SALLIE A. FENNING: Would you explain that, please?

MS. CHAPMAN: Yes. Say there was a parade of prosecution witnesses, and then say I sat down and said or the Prosecutor sat down and said the prosecution rests, and then I sat down and I said, "The defense rests." Would any of you feel that it was my duty to put on witnesses?

VENIREPERSON DOROTHY J. McGEE: Well, I'd feel like that.

MS. CHAPMAN: You'd feel that way?

VENIREPERSON McGEE: If you were representing the man, definitely.

MS. CHAPMAN: How does that—how would that affect you if I didn't?

VENIREPERSON McGEE: I wouldn't have heard the man's side of the story.

Appellant's challenge to Ms. McGee was correctly denied by the trial court, and the point is without merit on this appeal. Ms. McGee's response was aimed at her perception of the defense attorney's duty to his client. It does not indicate, as appellant claims, that "she would not have been able to follow the court's instructions respecting the fact that appellant was not required to adduce any evidence". Defendant did

present evidence of an alibi, anyway, and did not rest without putting on evidence.

4. *Failure to instruct jury as to range of fine, and failure to require jury to fix amount of fine, if any.*

Finally, appellant claims that the court's instructions as to punishment do not inform the jury "as to the range of punishment authorized by statute", § 557.036.2 (Cum. Supp.1981), in that the instructions did not advise the jury of the range of the fine which might be assessed, and did not instruct the jury that they should "assess and declare punishment" (including the fine), § 557.036.2 (Cum.Supp.1981). The instructions actually given faithfully followed MAI–CR 2d 18.02 and MAI–CR 2d 2.60. The issue raised by appellant's argument was once a viable issue, but has now been settled adversely to appellant's position. *State v. Van Horn*, 625 S.W.2d 874 (Mo. 1981); *State v. Webbs*, 625 S.W.2d 879 (Mo. 1981).[2]

We have examined in search of "plain error", Rule 29.12(b), two points presented by appellant's pro se brief. One point is that appellant's double jeopardy rights were violated in convicting him both of first-degree burglary and second-degree robbery. The other point is that the evidence was insufficient to make a prima facie case of attempted rape. Both points are disallowed.

The judgment is affirmed.

All concur.

**2.** *State v. Van Horn*, 625 S.W.2d 874, 878 (Mo. 1981), suggests the addition to MAI–CR 2d 2.60 of the following paragraph:

4. In addition, you may recommend that the court assess a fine in lieu of any imprisonment or in addition to any imprisonment which you may declare. The maximum fine which the court may impose is $_____ [or an amount not exceeding double the amount of defendant's gain from the commission of a crime].

*Van Horn* was handed down December 14, 1981. The present case was tried before that date.

*Van Horn* confines the earlier Supreme Court case of *State v. Blake*, 620 S.W.2d 359 (Mo. banc 1981) to the retrial of *Blake*, and *Blake* is not applicable to the case now under consideration.