UNITED STATES of America, Appellee,

v.

Florence H. HARDESTY, a/k/a Mrs. Clyde C. Hardesty, Appellant.

No. 82–2002.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1983.

Decided May 10, 1983.

Irvin B. Nodland, Bismarck, N.D., for appellant.

Rodney S. Webb, U.S. Atty., Jerome C. Kettleson, Asst. U.S. Atty., Bismarck, N.D., for appellee.

Before LAY, Chief Judge, and BRIGHT and ROSS, Circuit Judges.

ROSS, Circuit Judge.

Appellant Florence Hardesty was convicted by a jury in the United States District Court for the District of North Dakota[1] of armed robbery and assault and sentenced to serve seven years. The question on appeal is whether the evidence is sufficient to support the jury's verdict.

On the morning of October 7, 1981, an undisguised woman entered the Sterling Branch of the State Bank of Burleigh County, North Dakota, with a gun and said, "This is a robbery." Subsequently, the robber pistol-whipped a bank teller and an in-house insurance agent and absconded with $5,641.95.

The teller and the insurance agent testified that they had seen the appellant in the bank on three separate occasions prior to the robbery. The teller had an extended conversation with the appellant in the bank

---

1. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, presiding.

shortly before the robbery took place. Both victims independently chose a photograph of the appellant as depicting the robber in a photographic line-up. Positive identification of the appellant was made at trial.

Numerous witnesses identified the robber as the owner of a compact black car seen leaving the bank immediately following the holdup. The appellant, matching the general description of the bank robber and driving a small black car,[2] was detained on a highway outside of town and then released by law enforcement officials. A subsequent search of the appellant's home pursuant to a search warrant uncovered clothing and a .357 handgun matching descriptions given by witnesses after the robbery.

The appellant contends that the photographic line-up was suggestive and unfair.[3] According to principles enunciated in *Bivens v. Wyrick,* 640 F.2d 179 (8th Cir. 1981) we have inspected the line-up and find it to be a good selection of women fitting the general description of the robber. *Id.* at 180. There existed no "likelihood of misidentification" or "unnecessary suggestiveness" in the out-of-court identification procedure. *See Neil v. Biggers,* 409 U.S. 188, 198, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972). Furthermore, in determining whether the line-up violates the fourteenth amendment, our proper focus is on the reliability of the identification and not the degree of suggestiveness. *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *Harris v. Wyrick,* 644 F.2d 710, 712 (8th Cir.1981). Both eyewitnesses had a good opportunity to see the robber and immediately identified the appellant when presented with the photographic line-up. Their independent identifications appear to be reliable. *See Simmons v. United States,* 390 U.S. 377, 385–86, 88 S.Ct. 967, 971–72, 19 L.Ed.2d 1247 (1968).

In reviewing the sufficiency of the evidence in a jury trial, the court must view the evidence in the light most favorable to the verdict and must accept all reasonable inferences from the evidence that tend to support a verdict. *United States v. Nelson,* 603 F.2d 42, 48 (8th Cir.1979); *United States v. Taylor,* 599 F.2d 832, 838 (8th Cir.1979). After reviewing the record as a whole, we conclude that substantial evidence exists to support the conviction.

Accordingly, we affirm the conviction.

---

2. Witnesses stated that the bank robber drove a small black car similar to a Datsun. The defendant drove a black Toyota. Witnesses later identified pictures of defendant's car as resembling the car the bank robber had driven. We do not find the discrepancy between the descriptions of the car as a Datsun and a Toyota to be factually significant based on the other conclusive evidence of identity.

3. The appellant also contends that she was entitled to representation by counsel during the line-up. This contention is without merit. In *United States v. Ash,* 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973), the Supreme Court expressly held that a defendant has no sixth amendment right to counsel's presence at a photographic line-up. *Id.* at 321, 93 S.Ct. at 2579.