**Edward GREGORY, Appellant,**

v.

**Donald W. WYRICK, Appellee.**

No. 83–1887.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1984.

Decided March 26, 1984.

---

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Donald E. Miller, Kansas City, Mo., for appellant.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

This is a petition for habeas corpus filed by a prisoner in state custody. The District Court [1] 564 F.Supp. 715, dismissed the petition, and we affirm.

Edward Gregory, the petitioner-appellant, claims that his State conviction is in-valid because it was based on identification testimony obtained as a result of an arrest that violated the Fourth Amendment. Gregory had a full and fair opportunity to raise this question in the State courts, and they in fact rejected his contention on its merits, holding that even if his arrest was illegal, the identification testimony of which he complains was not tainted thereby. Under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), federal habeas corpus review of this issue is barred. Part IIA of the District Court's opinion fully explains the reasons for this result. See 8th Cir.R. 14.

Affirmed.

HEANEY, Circuit Judge, concurring.

I agree that *Stone v. Powell* bars reexamination of this matter. I must state, however, that I believe the state court erred when it concluded that even if Gregory's warrantless arrest was invalid, that fact would not require suppression of a resulting lineup identification as fruit of the unlawful arrest. *State v. Gregory*, 630 S.W.2d 607, 608 (Mo.App.1982). Under *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), it appears that Gregory's arrest, after the police officers' warrantless and nonconsensual entry into his place of residence, violated his Fourth Amendment rights. While *Payton* was not decided until seven months after Gregory's arrest, the *Payton* rule applies retroactively under *United States v. Johnson*, 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982). Any pretrial identification of Gregory obtained as a direct result of his unlawful detention should not have been introduced at trial. *See United States v. Crews*, 445 U.S. 463, 477, 100 S.Ct. 1244, 1253, 63 L.Ed.2d 537 (1980); *United States v. Fisher*, 702 F.2d 372, 379 (2d Cir.1983). *But see United States v. Young*, 512 F.2d 321 (4th Cir.), *cert. denied*, 424 U.S. 956, 96 S.Ct. 1432, 47 L.Ed.2d 362 (1975). It may be that rever-

---

1. The Honorable John W. Oliver, Senior United States District Judge for the Western District of Missouri.

sal would not have been warranted in any event, since an independent basis probably existed for the victim's in-court identification of Gregory. I write nevertheless to express my strong concerns about the scope of *Stone v. Powell's* bar against federal habeas review of Fourth Amendment claims. *See generally* Halpern, *Federal Habeas Corpus and the Mapp Exclusionary Rule After Stone v. Powell,* 82 COLUM.L.REV. 1 (1982); Note, *Stone v. Powell: Narrowing of Habeas Corpus—Not As We Would Like It,* 31 ARK.L.REV. 285 (1977); Comment, *Habeas Corpus: Still as Great as When it Was Writ?,* 43 BROOKLYN L.REV. 773 (1977). This is one case in which the complete trust which *Stone v. Powell* places in the opportunity for full and fair litigation of Fourth Amendment issues at the state court level is misplaced.