**Thomas L. FITZGERALD, Appellant,**

**v.**

**Bill ARMONTROUT, Appellee.**

**No. 91–2964.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 28, 1992.

Decided May 5, 1992.

Curtis L. Blood, Collinsville, Ill., argued, for appellant.

Ronald L. Jurgeson, Kansas City, Mo., argued, for appellee.

Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Thomas L. Fitzgerald, a Missouri inmate, appeals from the district court's[1] order denying his 28 U.S.C. § 2254 petition for habeas corpus. We affirm.

A jury convicted Fitzgerald of first-degree robbery, armed criminal action, and unlawful use of a weapon. The trial court sentenced Fitzgerald as a prior and persistent offender to two consecutive life terms of imprisonment for the robbery and armed criminal action, and a consecutive five-year term for unlawful use of a weapon. The Missouri Court of Appeals affirmed his convictions and the denial of his state post-conviction motion, *State v. Fitzgerald*, 781 S.W.2d 174 (Mo.Ct.App.1989), but remanded the case for resentencing.

In his federal habeas petition, Fitzgerald claimed, inter alia, (1) in-court and videotape identifications should have been suppressed because they were the product of an unconstitutional arrest and suggestive identification procedures; (2) he was denied the right to present his defense when the district court refused to allow the testimony of two witnesses; and (3) he was subjected to double jeopardy because the charge of unlawful use of a weapon was premised upon the same facts as those supporting the charges of armed criminal action and first degree robbery.

The magistrate judge[2] recommended that the petition be denied. The magistrate judge concluded that *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), barred the claim that Fitzgerald's conviction was obtained through use of a videotaped lineup conducted after he was unlawfully arrested, because he had a full and fair opportunity to litigate the claim in state court prior to trial and on appeal. Fitzgerald's claim that suggestive identification procedures violated his due process rights also failed. After reviewing the state court's findings, and affording them a presumption of correctness, the magistrate judge concluded the procedures used by the police were not suggestive. The magistrate judge noted that the police did not tell witnesses to pick a specific person from the lineup, and the police kept the witnesses apart to ensure that each witness's identification did not influence the others. Even if the procedures were suggestive, the magistrate judge found that the in-court identification testimony was nevertheless reliable.

The magistrate judge concluded Fitzgerald was not denied his Sixth Amendment right by the exclusion of two witnesses' testimony because there was no reason to believe they would provide material testimony. The magistrate judge further concluded that the exclusion of testimony was not so prejudicial as to deny Fitzgerald due process. Finally, the magistrate judge adopted the Missouri appellate court's analysis of the double jeopardy claim. *See Fitzgerald*, 781 S.W.2d at 186–87. The district court summarily adopted the magistrate judge's report over Fitzgerald's objections. With leave of court, Fitzgerald filed a notice of appeal out of time, and essentially renews his arguments raised below.

We agree that under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, Fitzgerald is barred from contesting in his ha-

---

1. The Honorable John F. Nangle, then Senior United States District Judge for the Eastern District of Missouri, now Senior United States District Judge for the Southern District of Georgia.

2. The Honorable Carol E. Jackson, United States Magistrate Judge for the Eastern District of Missouri.

beas petition the identification testimony obtained as a result of an allegedly unlawful arrest, because he had a full and fair opportunity to raise the issue in state court. *See also Gregory v. Wyrick*, 730 F.2d 542, 543 (8th Cir.), *cert. denied*, 469 U.S. 885, 105 S.Ct. 256, 83 L.Ed.2d 193 (1984). With respect to the reliability of the in-court identification testimony, the elements for determining whether the "taint" resulting from the allegedly unlawful arrest had been sufficiently removed, set forth in *United States v. Crews*, 445 U.S. 463, 471, 100 S.Ct. 1244, 1250, 63 L.Ed.2d 537 (1980), were met here. First, "the victim[s were] present at trial to testify as to what transpired between [them] and the offender, and to identify the defendant as the culprit." Second, the unlawful arrest did not undermine the victims' "knowledge of and the ability to reconstruct the prior criminal occurrence and to identify the defendant from [their] observations of him at the time of the crime." *Id.* All the eyewitnesses testified that they were able to see the man during the robbery. Finally, Fitzgerald was in the courtroom so that the witnesses could compare his appearance with that of the offender. *See id.* Although perhaps his presence there resulted from the allegedly illegal arrest, "[a]n illegal arrest, without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a valid conviction"; the defendant is not a suppressible "fruit." *Id.* at 474, 100 S.Ct. at 1251.

■ We also agree with the district court that the exclusion of the testimony of two defense witnesses did not violate Fitzgerald's Sixth Amendment rights. "In order to be entitled to compulsory process, the defendant must show how the witnesses' 'testimony would have been both material and favorable to his defense.'" *Wright v. Lockhart*, 914 F.2d 1093, 1097 (8th Cir.1990) (quoted case omitted), *cert. denied*, —— U.S. ——, 111 S.Ct. 1089, 112 L.Ed.2d 1193 (1991). We find no error in the district court's conclusion that the testimony was immaterial.

■ Regarding the due process challenge to the exclusion of evidence, generally a matter of state law, habeas relief is available "only when the alleged error infringes upon a specific constitutional protection or is so prejudicial that it amounts to a denial of due process." *Manning–El v. Wyrick*, 738 F.2d 321, 322 (8th Cir.), *cert. denied*, 469 U.S. 919, 105 S.Ct. 298, 83 L.Ed.2d 233 (1984). As the district court determined, the equivocal nature of the evidence and the opportunities afforded to Fitzgerald to present the evidence do not suggest that Fitzgerald was deprived of due process.

Finally, for the reasons adopted by the district court, Fitzgerald's double jeopardy claim is without merit.

Accordingly, we affirm.