Michael LENZA, Appellant,

v.

Donald W. WYRICK, Warden; Attorney
General of the State of
Missouri, Appellees.

No. 81–1097.

United States Court of Appeals,
Eighth Circuit.

Submitted July 23, 1981.

Decided Dec. 2, 1981.

Gray & Ritter, Paul J. Passanante, argued, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., Jerry Short, Asst. Atty. Gen., argued, Jefferson City, Mo., for appellees.

Before LAY, Chief Judge, and STEPHENSON and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Michael Lenza appeals from the final judgment entered in the District Court for the Eastern District of Missouri[1] denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Lenza was convicted by a jury of murder in the second degree in violation of Mo.Rev.Stat. § 559.-020 (1969) in the Circuit Court of St. Louis County, Missouri, and sentenced to life imprisonment pursuant to Mo.Rev.Stat. § 559.-009 (1975). His conviction was affirmed on

---

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri. The petition had been referred to the federal magistrate (Hon. William S. Bahn) for a report and recommendation pursuant to 28 U.S.C. § 636(b). The magistrate resolved the allegations adversely to petitioner. The district court adopted the magistrate's results and rejected his analysis concerning petitioner's fourth amendment claim.

direct appeal to the Missouri Court of Appeals. *State v. Lenza*, 582 S.W.2d 703 (Mo. App.1979). Subsequent motions for transfer to the Missouri Supreme Court were denied. Lenza's petition for writ of certiorari to the United States Supreme Court was also denied. *Lenza v. Missouri*, 444 U.S. 1021, 100 S.Ct. 678, 62 L.Ed.2d 652 (1980).

In this appeal Lenza argues that the district court erred in (1) finding that he had been given an opportunity for full and fair consideration of his fourth amendment claim by the state, (2) finding that he had failed to exhaust available state remedies before asserting his claim that hearsay testimony admitted into evidence at his trial violated the sixth amendment[2] and that the introduction of the testimony did not justify habeas relief, and (3) finding that his claim of insufficiency of the evidence did not justify habeas relief. In response the state argues generally that Lenza's claims are without merit and that Lenza failed to exhaust available state remedies regarding his confrontation claim.[3]

For the reasons discussed below, we affirm the judgment of the district court.

A complete statement of the facts is set forth in *State v. Lenza, supra*, 582 S.W.2d at 705. The relevant facts are as follows. On December 12, 1975, Tina Lenza, petitioner's wife, was found dead in a bathtub at the home of her parents, Robert and Beverly Wolff. Tina Lenza had been living with her parents since her separation from petitioner. Petitioner had been forbidden to enter the Wolff home by Robert Wolff. On the date of her death, Tina had planned to take her step-grandfather, Kenneth Nelson, Christmas shopping. Beverly Wolff was to accompany Tina to the Nelsons' home so that she could care for Mrs. Nelson. Tina spoke with Kenneth Nelson by telephone between 10:30 and 11:00 a.m. and indicated that she and her mother would be there as soon as her mother returned from a job interview.

At approximately 11:50 a.m., Alicia Snider, Tina's sister, arrived at the Wolffs' home for lunch. On arrival she noticed her mother's and sister's cars parked in front of the house. Ms. Snider testified that she saw petitioner standing inside the house. At the time she first observed him, petitioner was rolling a large cardboard barrel towards the back door. After saying "hi" to Ms. Snider, petitioner picked up the barrel and walked down the back steps. Ms. Snider then entered the house, heard water running and went upstairs into the bathroom. She found Tina Lenza lying in the bathtub with her head under water and the shower running. Ms. Snider ran next door for help. As she was returning with a neighbor she saw petitioner get into his van that was parked in the alley. Members of the Richmond Heights Fire Department arrived shortly after 12:00 p.m. The firemen removed Tina's body and unsuccessfully attempted resuscitation. The tub was then one-half to three-quarters full of water. A wash cloth had been stuffed into the bathtub drain.

A search of the home revealed that the glass panel in the rear door nearest the lock had been broken. The leather coat that Mrs. Wolff had been observed wearing was on the couch. The light next to the chair in the family room and the television set were on. Tina's glasses were found on the floor under the television set. A key to the apartment that the Lenzas had occupied prior to their separation was found on the floor of the family room. Fruit jars were stacked in the basement. Robert Wolff testified that the fruit jars had been stored in the barrel that petitioner had been observed carrying from the home. No other objects were missing.

---

2. "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." U.S.Const. amend. VI.

3. Petitioner's *pro se* petition raised eight grounds for habeas relief. Petitioner's attorney reduced the petition to four principal arguments. Petitioner's argument that the trial court erred in admitting evidence of other crimes was not placed before this court on appeal.

Neither Mrs. Wolff nor the barrel have been seen since the date of Tina's death.

Petitioner was arrested in Columbia, Missouri, on December 13, 1975. At trial he did not take the stand in his own behalf.

*Fourth Amendment Claim*

In his petition for writ of habeas corpus petitioner alleged that the state trial court erred in admitting the fruit of an unconstitutional search and seizure into evidence against him and that the state appellate court erred in refusing to consider his claim due to an improper brief. The district court held that petitioner's claim pertaining to the appellate court's dismissal of the claim did not state an independent ground for habeas relief and further that petitioner had not been denied a full and fair opportunity to litigate his claim by the state.

■ The facts relevant to the claim are as follows. On December 13, 1975, petitioner's landlord, James Reid, heard a news broadcast relating to Tina Lenza's death. Reid telephoned the Richmond Heights Police Department, identified himself as the owner of the premises, and told the police that he would let them into the house. Personnel from the Richmond Heights Police Department telephoned an assistant state prosecuting attorney and asked for a search warrant. The officers were advised by the attorney that they should proceed with the search immediately without a search warrant. Accompanied by Reid, the police entered petitioner's rented house without his permission and without a search warrant. They did not announce themselves, but proceeded with guns drawn to search the premises. During the search the police observed an envelope addressed to petitioner bearing the return address of Carolyn A. Schaefer in Columbia, Missouri,

and a large empty cardboard barrel with cobwebs inside. The police used the information on the envelope to find and arrest petitioner later that morning at the residence of Ms. Schaefer in Columbia, Missouri. Testimony at trial established that the barrel observed during the warrantless search could not have been the same barrel that petitioner had been observed carrying from the Wolffs' residence.[4]

Initially we note that petitioner had exhausted his available state remedies prior to bringing this claim in a federal habeas petition as required by 28 U.S.C. § 2254(c). Petitioner filed a pre-trial motion to suppress and objected to the admission of the evidence at trial. The state trial court overruled the objection. On direct appeal the Missouri appellate court ruled that it would not consider the claim because petitioner's point relied on did not state wherein and why the trial court erred as required by Rule 84.04(d) of the Missouri Rules of Civil Procedure. *State v. Lenza, supra,* 582 S.W.2d at 709. We note that this was a procedural defect and that the substance of petitioner's complaint was before the state appellate court. Petitioner then filed a motion for rehearing or transfer to the Supreme Court of Missouri in the appellate court, a motion for transfer in the Supreme Court of Missouri, and a petition for writ of certiorari in the Supreme Court of the United States. All these motions raised the legality of the search and the admissibility of the evidence derived therefrom; all were denied.

■ Exhaustion is a rule of comity which requires that the state courts have had a clear opportunity to correct any constitutional errors before federal court intervention. Where state courts have had such

---

**4.** It appears that petitioner is arguing that the state's use of the evidence, rather than the evidence itself, prejudiced him. Specifically, petitioner complains of the prosecutor's closing argument in which he told the jury: "Keep in mind, nobody could find Mr. Lenza until three o'clock the next morning. Where was he from that time? I don't know. I suspect he was disposing of the barrel somewhere between here and Columbia." However, this court notes that petitioner did not object to the statement at trial and did not raise it on direct appeal. We do not find that the statements were such a serious violation of his right to a fair trial that they constitute plain error and therefore do not reach the merits of petitioner's claim. *See United States v. Franklin,* 568 F.2d 1156, 1158 (8th Cir. 1978), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1588, 55 L.Ed.2d 807 (1978).

an opportunity, it is generally held that there has been a sufficient vindication of the state's interest and federal courts can entertain said issues in a § 2254 proceeding. *E.g., Tippett v. Roberts*, 587 F.2d 373, 374 (8th Cir. 1978). The doctrine need not be applied when the state court has refused to pass upon the merits of the claim. *E.g., Austin v. Swenson*, 522 F.2d 168 (8th Cir. 1975). In order to determine whether the issue has been fairly presented in state court, it is necessary to examine the petitioner's brief in state court. *Houston v. Estelle*, 569 F.2d 372, 375 (5th Cir. 1978), *citing Smith v. Digmon*, 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978) (per curiam).

■ We are convinced that the district court properly proceeded to the merits of petitioner's claim. We have examined petitioner's state appellate brief and find that petitioner's point relied on clearly set out petitioner's complaint that the evidence derived from the search should have been suppressed. The Missouri Court of Appeals was faced with the substance of the claim when it refused to pass on the merits. Therefore, we hold that Lenza's claim is properly before us. *Cf. Houston v. Estelle, supra*, 569 F.2d 372 (state appellate court's refusal to pass on the merits because the listing of grounds of error lacked reference to specific pages of the record).

■ Petitioner contends that the denial of the opportunity to challenge the admissibility of the evidence on appeal in state court constitutes a separate and independent ground for habeas relief. We disagree. Petitioner's substantive claim is that his fourth amendment rights were violated when the fruits of an unconstitutional search were admitted into evidence against him. The only issue before this court is whether petitioner was afforded a full and fair opportunity to litigate his fourth amendment claim in the state courts of Missouri. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976). In *Stone v. Powell* the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a

Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482, 96 S.Ct. at 3046; *see, e.g., Gates v. Henderson*, 568 F.2d 830 (2d Cir. 1977) (banc), *cert. denied*, 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978). It is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that bars federal habeas corpus consideration of claims under *Stone. E.g., Caver v. Alabama*, 577 F.2d 1188 (5th Cir. 1978). "[I]f state procedures afford the defendant in a criminal case the opportunity to [fully and fairly] litigate whether evidence obtained in violation of the fourth amendment should be excluded ... then *Stone v. Powell* precludes federal habeas corpus consideration of those issues whether or not the defendant avails himself of that opportunity." *Id.* at 1193 (citations omitted). The *Stone* bar applies despite a state court's error in deciding the merits of a defendant's fourth amendment claim. *E.g., Swicegood v. Alabama*, 577 F.2d 1322 (5th Cir. 1978); *see also United States ex rel. Maxey v. Morris*, 591 F.2d 386 (7th Cir.), *cert. denied*, 442 U.S. 912, 99 S.Ct. 2828, 61 L.Ed.2d 278 (1979); *Dupont v. Hall*, 555 F.2d 15 (1st Cir. 1977). Moreover, the *Stone* bar applies with equal force to procedural mistakes that thwart the presentation of fourth amendment claims. *E.g., Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980); *Johnson v. Meacham*, 570 F.2d 918, 920 (10th Cir. 1978). In *Williams, supra*, the state court erred in ruling on whether Williams' fourth amendment claim had been considered during the state trial. The error prevented the state habeas court from considering the merits of Williams' fourth amendment claim. The Fifth Circuit held that the *Stone* bar applies despite a state court's procedural mistakes, " ... in the absence of allegations that the processes provided by a state to fully and fairly litigate fourth amendment claims are routinely or systematically applied in such a way as to prevent the actual litigation of fourth

amendment claims on their merits ...."
*Id.,* 609 F.2d at 220.

In the present case petitioner was provided the opportunity to challenge the legality of the search prior to trial in a pretrial suppression hearing. He did so and his challenge was unsuccessful. He then challenged the search on appeal. The state appellate court refused to consider the issue due to an improper brief. *State v. Lenza, supra,* 582 S.W.2d at 709. At the conclusion of the opinion, however, the state appellate court stated that it had reviewed the transcript of the trial and the suppression hearing and found no prejudicial error. *Id.* at 710.

Though extended discussion by the state appellate court is lacking, petitioner was clearly afforded the opportunity to raise his fourth amendment claim. He properly raised it in pretrial proceedings and at trial. He improperly did so before the state appellate court. The appellate court's refusal to examine petitioner's claim in detail was justified by state procedural rules.[5] *E.g., Thummel v. King,* 570 S.W.2d 679 (Mo. 1978). Under such circumstances it cannot be held that petitioner was denied the opportunity to fully and fairly litigate the issue. *See Brown v. Wainwright,* 576 F.2d 1148 (5th Cir. 1978); *Williams v. Brown, supra,* 609 F.2d 216. That this court may disagree with the result reached by the state courts on this claim is irrelevant.[6] *Swicegood v. Alabama, supra,* 577 F.2d at 1324–25; *Gates v. Henderson, supra,* 568 F.2d at 840. The district court properly denied relief on this ground.

*Confrontation Clause*

Petitioner next argues that the district court erred in finding that his confrontation claim should be dismissed for failure to exhaust state remedies and further finding that the claim did not justify habeas relief. Petitioner's argument focuses on the testimony of Kenneth Nelson, Tina Lenza's step-grandfather, and Kathryn Gravatt, a friend of Tina's mother, Beverly Wolff. Kenneth Nelson testified at trial that between 10:30 and 11:00 a.m. on December 12, 1975, he spoke with Tina by telephone and that she stated that as soon as her mother returned they would "be right down." Kathryn Gravatt testified that Beverly Wolff was at her home on the morning of December 12, 1975, and that immediately before she left, Beverly Wolff looked at her watch and said, "Oh my God, it's 11:35. I have to get home and get Tina and Tony up. We have to be at my mother's [Mrs. Kenneth Nelson] around noon."

Petitioner objected to the testimony at trial arguing that it was hearsay and deprived him of his sixth amendment right of confrontation. The state trial court overruled the objection on the ground that the testimony fell within the "state of mind" exception to the hearsay rule. In his motion for a new trial petitioner alleged that the testimony was hearsay but did not renew his sixth amendment objection.

On appeal to the state court petitioner alleged that the testimony was "irrelevant, immaterial and incompetent." The state appellate court refused to consider the objection on the grounds that it was not the same objection presented to the state trial court and therefore had not been properly preserved for appellate review. *State v. Lenza, supra,* 582 S.W.2d at 710.

In this appeal petitioner argues that the exhaustion requirement was satisfied by the raising of objections at the trial level and on direct appeal. On the merits petitioner argues that the testimony does not fall within the "state of mind" exception to the hearsay rule because the states of mind of Beverly Wolff and Tina Lenza were irrelevant. Petitioner argues that the admis-

---

**5.** We do not approve of the appellate court's refusal to consider petitioner's constitutional argument based on his noncompliance with a procedural rule. The substance of petitioner's claim was before the court. However, our disapproval does not warrant habeas relief in this instance.

**6.** The state makes no argument that the search and seizure was constitutional. We are convinced that it was not. *See Chapman v. United States,* 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961).

sion of hearsay violated his sixth amendment right of confrontation.

In response the state argues that petitioner did not exhaust available state remedies. The state argues that petitioner's claim was not properly placed before the state appellate court for consideration and that Lenza can assert the claim in a post-conviction motion under Mo.R.Crim.P. 27.-26(b)(3).[7] The state concedes that the Missouri court may find that petitioner has abandoned the issue or deliberately bypassed procedural remedies, but urges that the determination should be left to the state court system in the first instance. *See Thomas v. Wyrick*, 622 F.2d 411, (8th Cir. 1980); *Rogers v. Wyrick*, 621 F.2d 921 (8th Cir. 1980). On the merits the state argues that the testimony does fall within the "state of mind" exception to the hearsay rule and does not violate the confrontation clause under *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

As noted by the state, petitioner failed to properly raise the confrontation clause before the state courts. However, in this case,

> [w]e think it useless to require petitioner to exhaust his state remedy on a claim that even if true fails to allege grounds upon which any post-conviction relief might be granted.... Surely, the state courts are not interested, solely for the sake of comity, in processing a meritless claim.

*Russell v. Missouri*, 511 F.2d 861, 863 (8th Cir. 1975) (citations omitted).

**7.** The state asserts that petitioner has not filed a post-conviction motion under Mo.R.Crim.P. 27.26(b)(3) which provides in pertinent part: "Mere trial errors are to be corrected by trial error, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal ...."

**8.** Petitioner argued that the testimony is not admissible under the state of mind doctrine because the intended acts were not performed, *citing Mutual Life Insurance v. Hillmon*, 145 U.S. 285, 12 S.Ct. 909, 36 L.Ed. 706 (1892). The argument has no merit since *Hillmon* created a judicial doctrine that is a variant of the state of mind doctrine. Under the *Hillmon* doctrine the declarant's state of mind is used infer-

The admissibility of evidence at trial is usually a matter of state law and procedure. It is only where trial errors infringe upon a specific constitutional protection, or are so prejudicial as to amount to a denial of due process, that a federal issue is raised. *E.g., Cooper v. Campbell*, 597 F.2d 628, 632–33 (8th Cir. 1979), *citing Hogan v. Nebraska*, 535 F.2d 458, 460 (8th Cir. 1976). The only relevant constitutional issue in this case is whether the confrontation clause of the sixth amendment has been violated by the admission of statements which petitioner claims are hearsay. We find that the statements were hearsay admissible under the "state of mind" exception to the hearsay rule and constitutionally permissible under *Ohio v. Roberts, supra*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597.

Briefly stated, the state of mind exception to the hearsay rule allows the admission of extrajudicial statements to show the state of mind of the declarant if that state of mind is at issue in the case.[8] Under Missouri law the declarations of the decedent in a homicide case are admissible to prove the decedent's state of mind where that is relevant. *E.g., State v. Singh*, 586 S.W.2d 410, 418 (Mo.App.1979); *State v. Trotter*, 536 S.W.2d 877, 879 (Mo.App.1979).

Petitioner's claim that the testimony is irrelevant does not state grounds for habeas relief. However, we have examined the claim and find it to be without merit. Evidence is relevant if it logically tends to prove or disprove a fact or issue between the parties. *E.g., State v. Jenkins*,

entially to prove other matters which are in issue. It provides that when the performance of a particular act by an individual is an issue in a case, his intention (state of mind) to perform that act may be shown. From that intention, the trier of fact may draw the inference that the person carried out his intention and performed the act. In the present case, however, the testimony of Tina's and Beverly Wolff's then existing state of mind was offered to prove the fact remembered or believed. The testimony is admissible under the traditional state of mind doctrine. *E.g., State v. Walker*, 484 S.W.2d 284 (Mo.1972); *State v. Singh*, 586 S.W.2d 410, 418 (Mo.App.1979).

516 S.W.2d 522, 525 (Mo.App.1974). In the present case the circumstances surrounding Tina's death were consistent with a possible homicide or an accidental death. The testimony complained of indicated that Tina intended to go to the Nelsons' home approximately one hour before her death. From the testimony the jury could infer that Tina did not get into the bathtub of her own volition. The extrajudicial statements of Beverly Wolff were also relevant. Petitioner argued that Beverly Wolff's personal problems were relevant to Tina's death and her own disappearance.[9] Beverly Wolff was a potential suspect and her state of mind was relevant insofar as the jury may have used it to eliminate potential suspects.

In *Ohio v. Roberts* the Supreme Court announced that the confrontation clause operates in two separate ways to restrict the range of admissible hearsay. First, "... the prosecution must either produce, or demonstrate the unavailability of, the declarant whose statement it wishes to use against the defendant." 448 U.S. at 65, 100 S.Ct. at 2538 (citations omitted). In the instant case it is undisputed that the two declarants who made the statements complained of are unavailable. One of the declarants was the victim, Tina Lenza, and the second was Tina's mother, Beverly Wolff, who has not been seen since the date of Tina's death.

The second aspect of the confrontation clause requires some "indicia of reliability." *Id.* at 65, 100 S.Ct. at 2539. "Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception." *Id.* at 66, 100 S.Ct. at 2539. In the present case the challenged testimony falls within the "state of mind" exception to the hearsay rule, and thus reliability may be inferred.

We also note that in the present case there are circumstantial guarantees of the reliability of the testimony. Beverly Wolff's statements indicated that she intended to go to the Wolff home to pick up Tina and then go to the Nelsons' home.

The coat that Beverly Wolff had been observed wearing and the car that she had been driving were found at the Wolff home indicating that she had arrived. Also, Beverly Wolff's statement was corroborated by Tina Lenza's statement to Mr. Nelson that she and her mother would be down as soon as her mother returned home. Finally, both statements were made spontaneously and without deliberation to witnesses who had no apparent motive to falsify. Therefore, we affirm the district court's holding that the claim does not state a ground for habeas relief.

*Sufficiency of the Evidence*

Petitioner next argues that the district court erred in dismissing his claim that the standard of review utilized by the state appellate court to review the sufficiency of the evidence deprived him of due process and equal protection. Lenza argues that in a circumstantial evidence case, such as this, the evidence is necessarily susceptible to two inferences. He argues that the standard of review utilized by the state appellate court created a presumption of guilt in that it did not limit its review to determining whether there was sufficient substantial evidence to support the jury's verdict but also accepted as true "all of the evidence, circumstantial and direct, tending to prove defendant's guilt, together with all favorable inferences that can reasonably be drawn from that evidence and disregard all evidence and inferences to the contrary." *State v. Lenza, supra,* 582 S.W.2d at 705. Petitioner argues that the correct standard would have limited its review "to determining whether there was sufficient substantial evidence to support the jury's verdict." (Brief for Appellant at 47, *citing State v. Kramer,* 534 S.W.2d 281, 283 (Mo.App.1976)) Petitioner argues that the distinction between the two standards is real and that the state appellate court's error in the case at bar was in disregarding all inferences favorable to petitioner.

In response the state argues that the district court independently examined the

---

**9.** Petitioner raised the argument at the state level in his motion for a new trial, Transcript

on Appeal from the Circuit Court of St. Louis County at 486, 487.

trial record and found sufficient evidence to support the conclusion and further that the standard of review used by the state appellate court was correct.

 Our view of this claim is controlled by *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In *Jackson* the Court held that the sufficiency of the evidence supporting a conviction is cognizable as a federal constitutional claim under 28 U.S.C. § 2254. *Id.* at 321, 99 S.Ct. at 2790. Habeas corpus relief is warranted if the record shows that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Id.* at 324, 99 S.Ct. at 2792. The decision of the state court is not conclusive, but is entitled to great weight if the state court invokes the proper standard. *Id.* 443 U.S. at 322 n.15, 99 S.Ct. at 2791. This rule was adopted by the Eighth Circuit in *Davis v. Campbell*, 608 F.2d 317 (8th Cir. 1979).

The district court below adopted the findings of the magistrate on this issue. The magistrate reviewed the record and concluded:

> [A]fter a thorough reading of the evidence, this Court is convinced that there is sufficient evidence to support the jury's verdict. Petitioner has not convinced this Court that no rational trier of fact could have found proof beyond a reasonable doubt. Accordingly, we recommend that this allegation be dismissed.

Magistrate's Review and Recommendation at 8.

It is apparent that the district court utilized the standard of review enunciated in *Jackson*. Petitioner does not challenge in this appeal the district court's independent finding regarding the sufficiency of the evidence.

 In evaluating the sufficiency of the evidence to sustain the verdict, circumstantial evidence is to be treated no differently than direct evidence. *Holland v. United States*, 348 U.S. 121, 140, 75 S.Ct. 127, 139, 99 L.Ed. 150 (1954). It is as competent for a jury to convict on circumstantial evidence as on direct evidence. *E.g., United States v. Wisdom*, 534 F.2d 1306, 1309 (8th Cir. 1976); *United States v.*

*Diggs*, 527 F.2d 509, 512 (8th Cir. 1975). Moreover, to establish a defendant's guilt the circumstantial evidence need not be conclusive nor prove an absolute impossibility of innocence. *United States v. Aadal*, 368 F.2d 962, 964 (2d Cir. 1969). Further, we must consider the evidence in the light most favorable to the government. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

 When the evidence is considered in light of the review standards that we have stated, we are satisfied that there was sufficient evidence from which a jury could find beyond a reasonable doubt that Tina Lenza was drowned in her bathtub by petitioner.

The judgment of the district court is affirmed.