**Robert BEARD, Appellant,**

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

**No. 85–1385.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1985.

Decided Dec. 6, 1985.

**24**

Ron Heller, Little Rock, Ark., for appellant.

Theodore Holder, Little Rock, Ark., for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

McMILLIAN, Circuit Judge.

Robert Beard appeals from a final order entered in the District Court [1] for the Eastern District of Arkansas denying his petition for a writ of habeas corpus. For reversal, appellant argues that there was insufficient evidence to revoke his probation and that the denial of his motion for a continuance and substitution of counsel violated his right to counsel. For the reasons discussed below, we affirm.

In January 1981 appellant pleaded guilty in the circuit court of Pulaski County, Arkansas to the charge of reckless burning. Appellant had been charged initially with the crime of arson, but the charge was reduced pursuant to a plea agreement. Appellant was given a suspended sentence of three years and fined $750 plus costs. Appellant was also required to comply with certain written rules; one such rule was that appellant would have no firearms in his possession.

In March 1981 appellant was arrested in Hot Springs County, Arkansas, and charged with a felony, possession of a firearm. On April 3, 1981, a petition for revocation of probation was filed in Pulaski County. The state alleged in its revocation petition that appellant was guilty of the crime of possession of a firearm. The felony charge in Hot Springs County was subsequently dismissed; reasons for the dismissal are not stated in the record. After the dismissal of the firearms charge, a hearing was held in Pulaski County. Appellant was found to be in violation of the terms of his probation and his suspended

1. The Honorable Elsijane T. Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

sentence was revoked. Appellant was sentenced to five years imprisonment in the Arkansas Department of Corrections. The Arkansas Court of Appeals affirmed the revocation. *Beard v. State,* No. CACR. 81–158, slip opinion at 3 (Ark.Ct.App., May 19, 1982) (per curiam).

In January 1984 appellant filed a habeas corpus petition in the federal district court. The district court denied appellant's petition on March 4, 1985. This appeal followed.

Appellant initially argues that there was insufficient evidence to revoke his probation. The evidence that appellant had a firearm is not disputed. On March 24, 1981, approximately three months after appellant received the suspended sentence, an Arkansas police officer saw appellant with a hand gun in his right hand. Appellant was walking down a road in the city of Malvern. Appellant then threw the gun to the ground.

Appellant denies, however, that he was actually in possession of the gun, as possession is defined under Arkansas statutes. Appellant testified that he was walking along the road, saw the gun and picked it up. He stated that he fired it to see if it was loaded. He then threw the gun down and continued walking along the road. It was after he had thrown the gun away that he was stopped by the police officer. Appellant testified at trial that he had no intention of keeping the firearm. The police officer testified that appellant threw the gun down only after appellant saw him.

The state argues that the narrow question for resolution in this appeal is whether the handling of a hand gun for a short period of time can be termed possession of a firearm under Arkansas law. The state argues that this is a question of state law which has been determined by the Arkansas Court of Appeals. The state further argues that the definition of possession contained in the Arkansas Criminal Statute requires actual dominion, control, or management, but does not require a particular length of time or an assertion of a right to control or an intent to continue to possess.

■ Appellant's argument is without merit. Appellant was required as a condition of his probation to "have no firearms in his possession." Appellant testified that he picked up a hand gun and fired it. The Arkansas Court of Appeals found "the testimony of the officer to be sufficient evidence that appellant was in possession of a firearm. We also find no error in the trial court's determination that appellant offered no valid excuse for being in possession of the gun." *Id.* at 2. The Arkansas Court of Appeals held that this brief possession of a gun was sufficient for revocation of appellant's probation. *Id.*

Appellant next argues that the district court erred in denying his motion for a continuance and the substitution of counsel. At the close of the state's case in the revocation hearing, appellant asked the trial court to grant him a continuation in order to secure new counsel. Appellant stated that his trial counsel was not properly prepared, he was uncomfortable with his counsel, and counsel was forcing him to testify. At the time he made the motion for a continuance, appellant had other counsel representing him in the firearms case which was still pending in Malvern. Appellant argues that there was no indication that the trial court docket was crowded and, therefore, additional time could have been set aside at a later date for appellant's new counsel to go forth with his defense. Appellant argues that the denial of the continuance resulted in a violation of his Sixth Amendment rights because he was denied effective assistance of counsel.

The Arkansas Court of Appeals affirmed the denial of the request for a continuance as a valid exercise of the trial court's discretion. The Court of Appeals characterized appellant's reasons for a continuance as arbitrary.

The state argues that appellant has failed to rebut the presumption that his counsel rendered effective assistance. Specifically, the state argues that appellant failed to allege a particular act or omission

which falls below the standard acceptable for attorneys in the same or similar circumstances and failed to show that this substandard performance prejudiced his defense.

■ We agree with the state that appellant has failed to present evidence of ineffective assistance of counsel. A habeas corpus petitioner, alleging ineffective assistance of counsel, must show that a particular act or omission fell below the standard acceptable for attorneys in the same or similar circumstances. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984). Petitioner must also show there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

■ Appellant in his brief states that counsel had not talked to his other counsel in Malvern, trial counsel was not "fighting" his case properly and there had been insufficient time for counsel to prepare for trial. Appellant does not indicate, however, what counsel would have learned or why the result would have been different had counsel spoken with the Malvern counsel, nor does appellant identify what preparation or actions counsel should have taken which were not taken. We, therefore, hold that the district court did not err in holding that the denial of the motion for a continuance and substitution of counsel did not violate appellant's constitutional rights.

Accordingly, we affirm the judgment of the district court.