**Samuel SINGLETON, Appellant,**

v.

**Gerald T. FREY and John Ashcroft, Appellees.**

**No. 85–1627.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1986.

Decided June 11, 1986.

Rehearing Denied July 7, 1986.

Henry W. Cummings, St. Charles, Mo., for appellant.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before HEANEY, ARNOLD, and WOLLMAN, Circuit Judges.

WOLLMAN, Circuit Judge.

Samuel Singleton was convicted by a jury of second-degree burglary in St. Louis County, Missouri, and was sentenced to fifteen years' imprisonment as a persistent offender. Singleton's conviction was affirmed on direct appeal to the Missouri Court of Appeals, *State v. Singleton,* 660 S.W.2d 13 (Mo.App.1983), and motions for rehearing and transfer to the Supreme Court of Missouri were denied. In his petition for a writ of habeas corpus filed in the

district court,[1] Singleton claimed that evidence introduced at his state court trial was seized in violation of the fourth amendment; that the police lacked probable cause to arrest and detain him; and that he was convicted on insufficient evidence. The district court rejected these claims and denied the petition. We affirm.

During the evening of November 6, 1981, Melvin Green, a private security guard on duty at the American Red Cross building on Lindell Boulevard in St. Louis, received a telephone call to the effect that there were suspicious looking persons alongside the apartment building adjacent to the parking lot of the Red Cross building.

Green saw two men coming around the side of the apartment carrying a television set and a bag. At that instant, a fire engine sounding its siren approached the area and the two men placed the items they were carrying on the ground near some bushes and flattened themselves against the wall of the apartment building. When the fire engine passed, they retrieved the items and resumed walking toward an alley. Green summoned the police and then called out to the two men to stop. One of the men, Cleveland Owens, heeded Green's command but the other, Singleton, continued to walk until Green drew his pistol. Owens was holding the television set and Singleton a transparent plastic trashbag containing a stereo and one speaker. Owens told Green that the items were his and that he lived in the apartment building. When the police arrived, Owens told an officer that he was going to pawn the items for a friend to whom the items belonged. One of the officers noticed an identification number inscribed on the television. The officer removed the stereo from the trashbag and discovered an identification number located on the back of the stereo identical to the number on the television set.

The police traced the television set and the stereo to the former owner, who testified that he had etched the identification numbers on the television and stereo prior to selling them to one Ponchita Argieard.

The evidence revealed that Argieard's apartment, which was in a building approximately 125 feet from where Owens and Singleton were apprehended by Green, was forcibly entered between the hours of 3:30 p.m. and 11:00 p.m., on November 6, 1981, entry having been gained by pushing in a window air conditioner. To reach the air conditioner from the ground, one person would have had to stand on the shoulders of another.

Singleton moved to suppress evidence of the identification number inscribed on the stereo, the former owner's identity, and the victim's identity on the ground that the police did not have probable cause to search the trashbag. The trial court denied the motion. The Missouri Court of Appeals affirmed the trial court's denial, holding that "because the stereo and speaker could be discerned without opening the trashbag the contents of the bag were in plain view" and therefore not entitled to fourth amendment protection. *State v. Singleton*, 660 S.W.2d at 16.

▆ That Singleton was provided a full and fair opportunity to litigate his fourth amendment claim in the state courts of Missouri is beyond peradventure. "[W]here the state has provided an opportunity for full and fair consideration of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976). The rule of *Stone* applies even where the state court erred in deciding petitioner's fourth amendment claim. *Cody v. Solem*, 755 F.2d 1323, 1329 (8th Cir.1985); *Lenza v. Wyrick*, 665 F.2d 804, 808 (8th Cir.1981). Accordingly, Singleton's fourth amendment claim fails.

▆ As a separate basis for relief, Singleton contends that he was illegally detained at the police station. This conten-

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

tion is of no avail, however, since Singleton can point to no evidence used against him that was obtained during his claimed illegal detention. *Mastrian v. McManus*, 554 F.2d 813, 820 (8th Cir.1977).

■ Singleton's remaining contention is that there was insufficient evidence to sustain his conviction. Our review of the record persuades us that the district court correctly found that there was sufficient circumstantial evidence presented at trial to persuade a rational trier of fact of Singleton's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 321 (1979).

The order denying habeas corpus relief is affirmed.