James R. BROWN, Petitioner,

v.

Frank GUNTER, Director, Nebraska Department of Corrections, Respondent.

No. CV 85-L-663.

United States District Court, D. Nebraska.

Jan. 8, 1987.

---

Mark S. Trustin, Omaha, Neb. (court appointed), for petitioner.

Robert Spire, Atty. Gen. and Lynne Fritz, Asst. Atty. Gen., Lincoln, Neb., for respondent.

## MEMORANDUM

LAY, Circuit Judge sitting by special designation.

James Ray Brown, a Nebraska state prisoner, filed a petition for writ of habeas corpus alleging that his conviction for second degree murder was obtained in violation of his constitutional rights. He asserts that he was denied effective assistance of counsel in the preparation and presentation of his defense and that he was convicted on insufficient evidence. Based upon all of the files, records, and proceedings herein, the petition is denied.

**Background**

On June 17, 1981, James Brown shot and killed Claud V. Spencer during an argument between the two men in front of a number of eyewitnesses. Accounts of the argument and shooting varied, but it would appear that both men had been at a tavern or delivery store known as Herb's on 24th and Franklin in Omaha. This is an area where neighborhood people congregate throughout the day. Testimony varied that sometime between 8:00 a.m. and 1:00 p.m. Spencer and Brown arrived separately at Herb's. By 2:00 p.m., the approximate time that his argument with Brown began, Spencer was intoxicated.

At about that time, Brown confronted a woman whom Brown claimed owed him five dollars. Spencer objected to the interruption and began to argue with Brown. Brown made some reference to striking the woman if he did not get paid and Spencer threatened to cut him if he did. Spencer then produced from his pocket a knife with a blade about four inches in length which folds back into the knife handle. Some witnesses claim that Spencer opened the knife and started after Brown; another testified that Spencer just showed Brown the closed knife, presumably to prove to Brown that he was serious about this threat, and put it back into his pocket. This witness further testified that Brown then left Herb's and walked across the street, returning ten minutes later with a handgun. Brown confronted Spencer in the street, exchanged profanities with him, fired a warning shot into the ground, then shot Spencer four or five times.

Other accounts reveal no interval between the argument and the shooting. Some witnesses testified that Spencer followed Brown, who was backing away, and held the knife in the air in a threatening

manner. Others claimed that Spencer was just standing in the street near the sidewalk with his hands in his pockets. In any event, there is no dispute that Brown initially fired one shot into the ground, then shot four or five more times in rapid succession. Brown has claimed all along that he had no choice but to shoot Spencer in self-defense since the traffic on the street in front of Herb's offered him no escape from the knife-wielding Spencer. An autopsy revealed that Spencer was struck with five .22 caliber lead slugs and the cause of death was listed as multiple gunshot wounds.

On October 30, 1981, Brown was convicted of second degree murder. On December 14, the trial court sentenced Brown to twenty-five years imprisonment. The judgment entered upon Brown's conviction was affirmed by the Nebraska Supreme Court in the face of his challenge to the sufficiency of the evidence. *State v. Brown,* 213 Neb. 68, 327 N.W.2d 107 (1982). In 1984, Brown brought a motion for post conviction relief, asserting a claim of denial of effective assistance of counsel and the denial of his right to due process because he was convicted on insufficient evidence. The district court denied the motion and the supreme court affirmed. *State v. Brown,* 220 Neb. 305, 369 N.W.2d 639 (1985). Brown thereafter filed a petition for writ of habeas corpus with this court.

**Discussion**

**1. Ineffective Assistance of Counsel.**

■ Brown claims ineffective assistance of counsel because his trial attorney failed to interview or call one Kevin Dent to testify at trial. Brown claims that Dent's testimony would have corroborated the evidence supporting Brown's claim of self-defense. He alleged that Dent would have also testified to seeing Spencer fold up his knife and attempt to put it back in his pocket after he was shot. Brown argues that had Dent been called to testify at trial, the jury would have acquitted him. To support his argument, Brown offers a deposition given by Dent, now an inmate at the Nebraska State Penitentiary, on January

18, 1984. The deposition testimony corroborates Brown's account of the accident.

Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a petitioner must first show that counsel's performance was deficient and second, that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064. The record shows that either counsel or his investigator interviewed Dent in connection with the incident before trial and the Nebraska Supreme Court so noted in Brown's post conviction appeal. 369 N.W.2d at 640. Defense counsel testified at the post conviction hearing that the reason he did not call Dent was because he did not believe Dent would make a good witness. He stated Dent was in jail at the time and had indicated to the defense team that he was not going to cooperate. The defense did call three other cooperative witnesses who substantially testified to the same facts as Dent. On this basis, counsel decided not to call Dent as a matter of trial strategy.

It is well-established that to prevail in a habeas petition on an ineffective assistance of counsel claim, a petitioner must first establish that his attorney did not act in accordance with the standards applicable for attorneys in the same or similar circumstances. *E.g., Beard v. Lockhart,* 779 F.2d 23, 26 (8th Cir.1985). In this case it is clear that counsel did interview Dent and made a considered, well-reasoned choice not to call him to testify. Furthermore, nothing in the record reveals any probability that the outcome of the trial would have been different had Dent testified.

**2. Insufficiency of Evidence.**

■ To prevail in a habeas corpus proceeding on grounds of insufficiency of evidence, a petitioner must show that, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Fryer v. Nix,* 775 F.2d 979, 982 (8th Cir.1985); *Walker v. Lockhart,* 726 F.2d 1238, 1245

(8th Cir.1984), *cert. dismissed,* 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984). On appeal of Brown's conviction, the Nebraska Supreme Court found no merit to Brown's claim of insufficient evidence. In cases where the state court applies the proper standard, a federal court considering a habeas corpus petition will give great deference to the state court's decision. *Lenza v. Wyrick,* 665 F.2d 804, 812 (8th Cir.1981). The state court's decision was well-reasoned. The testimony as to what occurred before and during the shooting varied extensively, but given the testimony of the government's witnesses, the physical evidence, the number of shots that were fired at the victim, and the fact that the victim was shot three times in the back, this court cannot say that no rational trier of fact could have found Brown guilty beyond a reasonable doubt.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus is denied.