**Ronald I. MITCHELL, Petitioner,**

v.

**Denis DOWD, Respondent.**

**No. 88–0278–CV–W–JWO–P.**

United States District Court, W.D. Missouri, W.D.

June 29, 1988.

Ronald I. Mitchell, Farmington, Mo., pro se.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM AND ORDERS DENYING PETITION FOR HABEAS CORPUS

JOHN W. OLIVER, Senior District Judge.

### I

This is a State prisoner habeas corpus case. The Missouri Court of Appeals, Western District, in an unpublished memorandum affirming petitioner's convictions accurately stated that petitioner "Ronald I.

Mitchell was convicted after trial to the court of robbery in the first degree, § 569.020, RSMo 1986, and armed criminal action, § 571.015, RSMo 1986" and that he "was sentenced to concurrent terms of ten years' imprisonment on the robbery count and three years' imprisonment on the count of armed criminal action." Exh. E at 1.

The respondent's response to this Court's order to show cause accurately states that "petitioner has exhausted available state remedies for his present claim." Doc. 3 at 2. Habeas corpus relief will be denied for the reasons we will state.

### II

#### A.

Petitioner alleged as his single ground for habeas corpus relief that "[t]he state trial court 'erred' in overruling petitioner's motion for judgment of acquittal on both counts at the close of all the evidence, because the evidence was insufficient to support petitioner's convictions for robbery in the first degree and armed criminal action, in that the evidence presented at trial failed to establish beyond a reasonable doubt that peitioner [sic] forcibly stole money from Andrew Nunley, since the evidence presented at trial established that petitioner's co-defendant, Lee Davis, forcibly stole Andrew Nunley's money." [1] Petition at 2. Petitioner cited and relied on *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and language quoted from *United States v. Jones*, 605 F.Supp. 513, 515 (S.D.N.Y.1984).[2]

The respondent's response argued that "abundant evidence supporting petitioner's conviction was more than sufficient under the *Jackson v. Virginia* standard of review." Doc. 3 at 3. Respondent, in reliance upon *Jackson v. Virginia's* footnote 15 (443 U.S. at 322, 99 S.Ct. at 2790), ar-

---

1. Petitioner's first ground alleged in his petition in this Court is an exact copy of the single point relied on in petitioner's appellant brief filed on direct appeal except that the word "petitioner" is substituted for the word "appellant." Exh. C-1 at 5.

2. Petitioner's traverse to the respondent's response cites a number of cases which contain language similar to that which petitioner quoted in his petition from *United States v. Jones*. The additional cases cited in petitioner's traverse, which we have read and considered, do not warrant individual discussion.

gued that the *"Jackson* Court noted that the decision of the state court is not conclusive, but is entitled to great weight." *Id.* That argument is untenable under the circumstances of this case for the reasons we now state.

### B.

■ The transcript of the jury-waived trial (Exh. A), shows that the State trial court judge heard the testimony of six witnesses on July 1 and 2, 1986, and took the case under advisement. Exh. A at 205. On July 9, 1986, the State trial court entered a minute which stated that the "Court having heard the evidence finds beyond a reasonable doubt that the defendant is guilty of the following offenses: Count I: Robbery in the First Degree, a class 'A' felony and Count II: Armed Criminal Action, a felony." Exh. B at 7.

As noted above (see footnote 1), petitioner's only point on direct appeal contended that "the evidence presented at trial failed to establish beyond reasonable doubt that appellant forcibly stole money from Andrew Nunley." Petitioner cited and relied on *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1979), and argued that "the state must prove beyond a reasonable doubt that the defendant has committed each element of the crime charged." Exh. C-1 at 6–7.[3]

The respondent's brief on direct appeal neither cited nor discussed *In re Winship.* Nor did that brief in any way discuss the proof beyond reasonable doubt standard

mandated by *In re Winship.* Nor did that brief cite *Jackson v. Virginia* or any other United States Supreme Court case.

The respondent, without even suggesting to the Missouri Court of Appeals that a federal constitutional standard was applicable, simply cited a number of State court cases to support its argument that the "trial court did not err in overruling appellant's motion for judgment of acquittal on both counts, because the evidence was sufficient to support appellant's convictions for robbery in the first degree and armed criminal action."[4] Exh. D at 5.

Without the benefit of a respondent's brief that discussed the applicable federal constitutional standard, the Missouri Court of Appeals merely stated that the "defendant contends [on direct appeal] that the evidence at trial was insufficient to support the convictions." Exh. E at 1. And, without stating what standard of proof was being applied, that court concluded the "evidence before the trial court was sufficient to support the conviction for robbery in the first degree" and that because "the evidence supported the conviction of Mitchell for robbery in the first degree, it also supported the conviction for armed criminal action." *Id.* at 4.

We recognize, of course, that the Missouri Court of Appeals may have applied the applicable proof beyond reasonable doubt standard. It is clear, however, that the Missouri Court of Appeals did not in any way indicate that such a standard was being applied.[5] Under these circumstanc-

---

**3.** *In re Winship* stated that in order to remove "any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." 397 U.S. at 364, 90 S.Ct. at 1073.

**4.** The brief filed by the Attorney General on direct appeal in this case is quite like other briefs this Court has been required to review in numerous State prisoner habeas corpus cases. The brief in this and many other cases show that the Attorney General consistently fails to give the Missouri appellate courts the benefit of the citation and discussion of the familiar cases decided by the Supreme Court of the United States in which the controlling federal constitu-

tional standards are stated and applied. It cannot be that the Attorney General does not know about the United States Supreme Court cases. For in a typical State prisoner habeas corpus case, as in this case, the Attorney General cites and discusses the controlling United States Supreme Court cases in the responses filed to the show cause orders entered by this Court.

It is indeed difficult to understand why such a practice is so consistently followed. For State prisoners with long sentences almost inevitably seek federal habeas corpus relief.

**5.** None of the three State court cases cited by the Missouri Court of Appeals in its opinion affirming petitioner's conviction (*State v. Pierson,* 610 S.W.2d 86 (Mo.App.1980); *State v. Reynolds,* 521 S.W.2d 486 (Mo.App.1975); and

es, this Court may not, under *Jackson v. Virginia*'s footnote 15, properly give any significant weight to the ultimate conclusion of the Missouri Court of Appeals for the reason that it is clear that the opinion of that court was not, in fact, "keyed to *Winship*," and because that opinion does not show that the "state appellate court invoked the proper standard." 443 U.S. at 322, n. 15, 99 S.Ct. at 2791, n. 15.

### C.

Respondent cites *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir.1981), in support of his "great weight" argument. This Court recently rejected the same argument based on *Lenza* that the Attorney General made in *Tatum v. Armontrout*, 669 F.Supp. 1496 (W.D.Mo.1987). In *Tatum*, as in this case, the Missouri Court of Appeals did not indicate what standard it may have applied in concluding that there was sufficient evidence to support the defendant's conviction. *Id.* at 1507. In our footnote 20 on that page we concluded that:

> The Attorney General's argument that conclusory language in the decision of the Missouri Court of Appeals, Western District, "is entitled to great weight" is untenable under the circumstances of this case. For the Eighth Circuit in *Lenza v. Wyrick*, 665 F.2d 804, 812 (8th Cir.1981), in express reliance on footnote 15 in *Jackson v. Virginia*, 443 U.S. at 322 n. 15, 99 S.Ct. at 2790–91 n. 15, properly concluded that the "decision of the state court is not conclusive, but is entitled to great weight *if the state court invokes the proper standard.*" (Emphasis added). The state court simply did not invoke any standard in this

case and thus its conclusion cannot properly be accorded any substantial weight.[6] *Id.*

This Court also indicated its agreement in *Tatum* (*id.* at 1507) with that portion of Justice Stevens' opinion concurring in the judgment of *Jackson v. Virginia* in which he observed that the majority opinion in that case had decided that " 'the Constitution now prohibits the criminal conviction of any person ... except upon proof sufficient to convince a *federal judge* that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Ante,* [443 U.S.] at 319 [99 S.Ct. at 2789].' (Justice Stevens' emphasis)." *Id.* We also noted in *Tatum* that "Justice Stevens added that 'because the "rational trier of fact" must certainly base its decisions on *all* of the evidence, the Court's broader standard may well require that the entire transcript of the state trial be read whenever the factfinders' rationality is challenged under the Court's rule.' (Justice Stevens' emphasis). *Id.* at 337 [99 S.Ct. at 2798]." *Id.*

As in *Tatum*, the failure of the Missouri Court of Appeals in this case to articulate and apply the controlling federal constitutional standard as stated in *Jackson v. Virginia* required this Court to read the entire transcript of the trial and to consider the Missouri law under which petitioner was convicted. The fact that no substantial weight may be given the Missouri Court of Appeals' opinion in this case, however, does not mean that petitioner is entitled to federal habeas corpus relief.

For this Court has considered all of the evidence adduced at trial in accordance with *Jackson v. Virginia*'s admonition that a "federal habeas corpus court ...

---

*State v. Gonzalez-Gongora,* 673 S.W.2d 811 (Mo. App.1984)), contains any language that either recognized or applied the proof beyond reasonable doubt standard. It is thus possible that the Missouri Court of Appeals may have applied (1) the "no evidence" criteria of *Thompson v. Louisville,* 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960) (expressly rejected in *Jackson v. Virginia* ), or any one of the three traditional standards of proof: (2) preponderance of the evidence, (3) clear and convincing evidence, and (4) proof beyond reasonable doubt.

**6.** *See also* Chief Judge Lay's opinion in *Brown v. Gunter,* 665 F.Supp. 777, 780 (D.Neb.1987), in which he, sitting as a district judge by designation, concluded that *"[i]n cases where the state court applies the proper standard,* a federal court considering a habeas corpus petition will give great deference to the state court's decision. *Lenza v. Wyrick,* 665 F.2d 804, 812 (8th Cir. 1981)." (Emphasis added).

must presume ... that the trier of fact resolved any ... conflicts in favor of the prosecution" (443 U.S. at 326, 99 S.Ct. at 2793) and finds and concludes, for reasons to be stated, that a rational trial judge sitting without a jury could have concluded beyond a reasonable doubt from the evidence adduced at trial that the petitioner was guilty of the offenses with which he was charged.

## III

### A.

The Missouri Court of Appeals accurately quoted the statutes that petitioner allegedly violated.[7] The Missouri Court of Appeals, relying on *State v. Pierson, supra*, accurately stated that under the law of Missouri an "aider and abettor or active participant who acts with common purpose incurs criminal liability by any form of affirmative advancement of the enterprise" and that the "state's proof to obtain a proper conviction need not show that the defendant personally committed every essential element of the crime." Exh. E at 3.

Our consideration of the complete transcript of the trial establishes that the Missouri Court of Appeals reliably found that the evidence adduced at trial established that:

At approximately 3:00 p.m. on March 23, 1986, Andrew Nunley went to Haney's Junkyard in Kansas City to purchase a rear wheel drum for a 1977 Thunderbird automobile. Mr. Haney, the proprietor, directed Mr. Nunley to an area of the junkyard where a Thunderbird was located so that Nunley could obtain the part. As Mr. Nunley walked toward a Thun-

derbird, he heard what he believed to be three gunshots. He saw two males, Mitchell and his co-defendant, Lee Davis, approach two white males who were examining an automobile part. Mitchell asked one of the two men what he was doing. Mitchell then hit one of the men in the head with a pistol and knocked him to the ground. The injured man stood up, and Nunley observed blood flowing from a deep gash in the man's head. Also holding a pistol, Davis joined the group.

Mitchell again asked what the two men were doing there. The injured man responded that they were trying to obtain some automobile parts. Davis noticed Mr. Nunley and pointed his pistol at Nunley while ordering him to move over by the two white males. At the direction of Mitchell and Davis, the three moved to another area of the junkyard. Davis demanded Nunley's money. Mitchell demanded that the two white males turn over their money.

Mitchell picked up a drive shaft and struck the man whom he had previously injured in his midsection. Davis collected $40 from Mr. Nunley and $25 from each of the other victims. As Davis directed all three victims to leave the area, Mitchell said, "We ought to kill them." The victims left the area. Nunley used Mr. Haney's telephone to notify the police. The other two victims were never identified or located.[8]

Exh. E at 1–2.

The Missouri Court of Appeals further found that:

In the present case, the three victims were gathered in one group at the time

---

7. Count I of the information (Exh. B at 1) charged petitioner with a violation of Section 569.020 RSMo 1986. That statute provides that "A person commits the crime of robbery in the first degree when he forcibly steals property and in the course thereof he, or another participant in the crime ... [i]s armed with a deadly weapon; or ... [d]isplays or threatens the use of what appears to be a deadly weapon or dangerous instrument." Exh. E at 3. Count II charged a violation of Section 571.015 RSMO 1986. Exh. B at 2. The Missouri Court of Appeals accurately stated that under that section "[A]rmed criminal action occurs when a person

'commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon.'" Exh. E at 4.

8. The Missouri Court of Appeals also reliably found that "[a]s a defense, Mitchell contended that his participation in taking Mr. Nunley's money was limited to extracting from Nunley the cost of the automobile part Nunley was seeking, and he alleged that he insisted to Davis that Davis give Nunley 'change' for the auto part." Exh. E at 2.

their money was taken. Mitchell and Davis each held a pistol as Davis collected the money. Mitchell twice beat one of the other victims, once while the group of three were standing together. Mitchell's suggestion of killing the victims encompassed the three.[9]

*Id.* at 4.

This Court is under duty to apply the controlling federal constitutional standard to the facts that we have concluded were reliably found by the Missouri Court of Appeals.

### B.

Application of the standard of proof mandated by *In re Winship* and *Jackson v. Virginia* requires that we find and conclude that the prosecution adduced sufficient evidence at petitioner's trial from which a rational judge sitting without a jury could reasonably find beyond reasonable doubt that petitioner was guilty of robbery in the first degree as charged in Count I of the information and armed criminal action as charged in Count II of the information. In making that determination, we have not failed to consider petitioner's argument based on Chief Judge Motley's opinion in *United States v. Jones* that "mere presence at the scene of a crime, association with criminals, or even knowledge that a crime is being committed is insufficient to support a conviction for aiding and abetting, absent some purposeful behavior from which the requisite intent can be inferred." 605 F.Supp. at 515.[10]

Petitioner's argument must be rejected for the reason that under the evidence adduced at trial, the State trial judge could reasonably find beyond a reasonable doubt that petitioner's behavior at the scene of the crime did, in fact, establish the requisite intent to aid and abet in the commission of the offenses with which he was charged. Petitioner's traverse properly recognized that this Court must view "the evidence in [the] light most favorable to the prosecution, disregarding all evidence to the contrary, as this Court must do on challenge to sufficiency of the evidence" in its application of the controlling federal constitutional standard. Doc. 4 at 5.

Petitioner, perhaps inadvertently, but nevertheless accurately, also stated that "the state's case boiled down to a credibility issue between petitioner and the alleged victim Nunley." *Id.* The State trial judge resolved that credibility issue against the petitioner. That resolution was based on the evidence adduced at trial which we have concluded was sufficient to meet the proof beyond reasonable doubt standard mandated by the Supreme Court of the United States.

### IV

We therefore find and conclude that petitioner has not carried the burden of establishing any ground for relief as alleged in his petition for habeas corpus.

### V

For the reasons stated, it is

ORDERED (1) that petitioner's petition for a writ of habeas corpus should be and the same is hereby denied. It is further

ORDERED (2) that the Clerk, pursuant to Rule 58 of the Federal Rules of Civil Procedure, shall promptly enter judgment on a separate document in favor of the respondent and against the petitioner.

---

9. On pages 4 and 5 of the respondent's response filed in this Court, the Attorney General copied pages 3 and 4 of the Statement of Facts portion of the brief filed by the respondent on direct appeal. We find that the citations of the pages of the transcript contained in that statement do, as stated in that brief, reflect "the evidence adduced by the State" at trial. Exh. D. at 3.

10. The general principle relied on by petitioner is recognized by Missouri law. *State v. Gonzalez–Gongora, supra,* cited with approval by the Missouri Court of Appeals in this case, for example, states that "the mere presence of the accused at the scene of the crime, coupled with an opportunity on his part to have committed it, will not suffice to support a conviction." 673 S.W.2d at 813.